UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS CHUQUI,

                Plaintiff,

-v-

EMPIRE WINGS EXPRESS INC., et al.,

                Defendants.

CIVIL ACTION NO. 25 Civ. 1324 (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement. (ECF No. 24). Plaintiff has submitted a Letter-Motion in support of settlement (ECF No. 22), proposed settlement agreement (ECF No. 22-1 (the "Agreement")), damages chart (ECF No. 22-2), Plaintiff's time records (ECF No. 22-3), and Plaintiff's invoices (ECF No. 22-4) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

It appears from Plaintiff's Letter-Motion in support of settlement (ECF No. 22 at 5) and Plaintiff's time records (ECF No. 22-3) that Spanish is his primary language. The copy of the Agreement, however, is in English and does not include any representation that it was translated for Plaintiff into Spanish, his primary language. See Rosario v. MCS Properties LLC, No. 17 Civ. 5573 (RA), 2018 WL 6538183, at *1 (S.D.N.Y. Nov. 20, 2018) (finding fair and reasonable FLSA settlement agreement that had been translated into plaintiff's primary

language).  Plaintiff also has not provided the Court with copies of his retainer agreement or engagement letter with his counsel.

Accordingly, by **Friday, July 25, 2025**, Plaintiff's counsel shall provide (i) confirmation that the Agreement was translated into Spanish for Plaintiff's benefit before execution, and (ii) copies of Plaintiff's retainer agreement or engagement letter with his counsel.

Dated:     New York, New York
           July 21, 2025

SO ORDERED

_____
**SARAH L. CAVE**
**United States Magistrate Judge**
